UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
GRACIELA BRETSCHNEIDER DONCOUSE,

                Plaintiff,

-against-

AMERICAN APPAREL RETAIL, INC., A CALIFORNIA
CORPORATION, D/B/A AMERICAN APPAREL, AND
THE ANDREWS ORGANIZATION, INC., A NEW
YORK CORPORATION

                Defendants.
------------------------------------------X

**COMPLAINT**

*Civil Action No.:*

14 cv 9986

JUDGE GARDEPHE

RECEIVED DEC 18 2014 U.S.D.C. S.D.N.Y.

Plaintiff, GRACIELA BRETSCHNEIDER DONCOUSE, (hereinafter the "Plaintiff"), through her counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues AMERICAN APPAREL RETAIL, INC., A CALIFORNIA CORPORATION, D/B/A AMERICAN APPAREL, AND THE ANDREWS ORGANIZATION, INC., A NEW YORK CORPORATION (hereinafter collectively "Defendants"), for injunctive relief, attorneys fees and costs pursuant to 42 U.S.C. §12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relied pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York.

3. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to the AMERICAN APPAREL RETAIL, INC., located at 285 Lafayette Street, New York, New York 10012 prior to the instant action, Plaintiff was/is a resident in the state of Texas, visiting family in New York City again, who are residents of the State of New York. Plaintiff suffers from a disability causing her to be a paraplegic, which constitutes a "qualified disability" under the ADA of 1990. That is, Plaintiff is wheelchair bound and uses a wheelchair for mobility. The Plaintiff personally visited Defendants' property while shopping with her daughter on November 19, 2014, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is subject to this instant litigation.

5. The Defendants AMERICAN APPAREL RETAIL, INC. and THE ANDREWS ORGANIZATION, INC., are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, AMERICAN APPAREL RETAIL, INC., is the lessee and/or operator of the real property (hereinafter "Subject Facility"), and the owner of the improvements where the Subject Facility is located, which is the subject of this action, the Subject Facility, and Defendants also maintains and controls the Subject Facility. Upon information and belief, THE ANDREWS ORGANIZATION, INC. a/k/a Andrews Building Corp., is the owner, lessor and/or operator and managing agent of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as AMERICAN APPAREL RETAIL, INC.

6: All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the premises is located in the State of New York, County

of New York.

**COUNT I VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. Seq. Commercial enterprises were provide one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Congress found, among other things, that:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities and this number shall increase as the population continues to grow older;

   b. Historically, society has tended to insolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a persuasive social problem, requiring serious attention;

   c. Discrimination against disabled individuals persist in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and