UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GRACIELA BRETSCHNEIDER DONCOUSE,

                Plaintiff,          Case No.: 14-cv-09986-PGG-SN

      -against-

AMERICAN APPAREL RETAIL, INC., a        **VERIFIED ANSWER**
California Corporation, d/b/a AMERICAN    **WITH CROSS-CLAIMS**
APPAREL, and THE ANDREWS
ORGANIZATION, INC., a New York
Corporation,
----------------------------------------------------------X

      Defendant, THE ANDREWS ORGANIZATION, INC. ("The Andrews Organization"), by its attorneys MOLOD SPITZ DeSANTIS, P.C., answering the Complaint of the Plaintiff states, upon information and belief, as follows:

## JURISDICTION AND PARTIES

      FIRST:    Denies each and every allegation in the Complaint designated as paragraph 1, and respectfully refers questions of law to this Honorable Court.

      SECOND:    Denies each and every allegation in the Complaint designated as paragraph 2, and respectfully refers questions of law to this Honorable Court.

      THIRD:    Denies each and every allegation in the Complaint designated as paragraph 3, and respectfully refers questions of law to this Honorable Court.

      FOURTH:    Denies having knowledge or information sufficient to form a belief as to each and every allegation in the Complaint designated as paragraph 4.

      FIFTH:    Denies each and every allegation in the Complaint designated as paragraph 5, except admits The Andrews Organization is authorized to conduct, and is conducting business within the State of New York and The Andrews Organization, Inc. a/k/a Andrews Building Corp., is the owner of the retail space where American Apparel Retail, Inc. is located.

SIXTH: Denies each and every allegation in the Complaint designated as paragraph 6, and respectfully refers questions of law to this Honorable Court.

## COUNT ONE – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

SEVENTH: Denies each and every allegation in the Complaint designated as paragraph 7, and respectfully refers questions of law to this Honorable Court.

EIGHTH: Denies each and every allegation in the Complaint designated as paragraph 8, and respectfully refers questions of law to this Honorable Court.

NINTH: Denies each and every allegation in the Complaint designated as paragraph 9, and respectfully refers questions of law to this Honorable Court.

TENTH: Denies each and every allegation in the Complaint designated as paragraph 10, and respectfully refers questions of law to this Honorable Court.

ELEVENTH: Denies each and every allegation in the Complaint designated as paragraph 11, and respectfully refers questions of law to this Honorable Court.

TWELFTH: Denies each and every allegation in the Complaint designated as paragraph 12.

THIRTEENTH: Denies each and every allegation in the Complaint designated as paragraph 13.

FOURTEENTH: Denies each and every allegation in the Complaint designated as paragraph 14.

FIFTEENTH: Denies each and every allegation in the Complaint designated as paragraph 15, and respectfully refers questions of law to this Honorable Court.

SIXTEENTH: Denies each and every allegation in the Complaint designated as paragraph 16, and respectfully refers questions of law to this Honorable Court.

SEVENTEENTH: Denies each and every allegation in the Complaint designated as paragraph 17.

EIGHTEENTH: Denies each and every allegation in the Complaint designated as paragraph **18**.

NINETEENTH: Denies each and every allegation in the Complaint designated as paragraph **19**.

TWENTIETH: Denies each and every allegation in the Complaint designated as paragraph **20**.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

TWENTY-FIRST: With reference to paragraph **21** of Plaintiff's Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered **1 through 20**, inclusive, with the same force and effect as though more fully set forth herein at length.

TWENTY-SECOND: Denies each and every allegation in the Complaint designated as paragraph **22**, and respectfully refers questions of law to this Honorable Court.

TWENTY-THREE: Denies each and every allegation in the Complaint designated as paragraph **23**.

## COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

TWENTY-FOURTH: With reference to paragraph **24** of Plaintiff's Complaint, the answering Defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered **1 through 23**, inclusive, with the same force and effect as though more fully set forth herein at length.

TWENTY-FIFTH: Denies each and every allegation in the Complaint designated as paragraph **25**, and respectfully refers questions of law to this Honorable Court.

TWENTY-SIXTH: Denies each and every allegation in the Complaint designated as paragraph **26**, and respectfully refers questions of law to this Honorable Court.

TWENTY-SEVENTH: Denies each and every allegation in the Complaint designated as paragraph 27.

TWENTY-EIGHTH: Denies each and every allegation in the Complaint designated as paragraph 28.

### ATTORNEY'S FEES AND COSTS

TWENTY-NINTH: Denies each and every allegation in the Complaint designated as paragraph 29.

THIRTIETH: Denies each and every allegation in the Complaint designated as paragraph 30.

### DAMAGES

THIRTY-FIRST: Denies each and every allegation in the Complaint designated as paragraph 31.

### INJUNCTIVE RELIEF

THIRTY-SECOND: Denies each and every allegation in the Complaint designated as paragraph 32, and respectfully refers questions of law to this Honorable Court.

THIRTY-THIRD: Answering Defendant, The Andrews Organization, denies each and every allegation contained in the "WHEREFORE" clause of the Complaint, inclusive of subparagraphs (a)-(e).

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

THIRTY-FOURTH: The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

THIRTY-FIFTH: Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: 1) that he or she suffered an 'injury in fact', (2) a causal

relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 5670-612 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that the plaintiff is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Co.*, 535 F. Supp. 2d 1063, 1070 (S.D. Cal 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiff lacks standing to pursue her alleged claims because Plaintiff is not a bona fide patron. She is a mere "tester," and/or he does not intend to return to the subject property.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

THIRTY-SIXTH: Plaintiff's claims are barred to the extent that they are based on visits to the subject facility beyond the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

THIRTY-SEVENTH: The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

THIRTY-EIGHTH: Any allegedly wrongful acts or omission performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability because full compliance with the standards for the alleged architectural barrie3s identified in the Complaint would be technically infeasible.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

(Full Compliance is Structurally Impracticable)

THIRTY-NINTH: Any allegedly wrongful acts or omission performed by The Andrews Organization or its agents, if there were any, do not subject The Andrews Organization to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

(Alterations Were Made To Ensure That The Facility Would Be
Readily Accessible To The Maximum Extent Feasible)

FORTIETH: Without conceding that The Andrews Organization made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

(The Cost And Scope Of Alterations To Path Of Travel Is
Disproportionate To The Cost Of The Overall Alteration)

FORTY-FIRST: Any allegedly wrongful acts or omissions performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability because the cost and scope of any and all alterations to the path of travel, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

(The Andrews Organization Provided Services via Alternative Methods)

FORTY-SECOND: Any allegedly wrongful acts or omissions performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability

because The Andrews Organization accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers 42 U.S.C. § 12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

FORTY-THIRD: Any allegedly wrongful acts or omissions performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of The Andrews Organization's services.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

(Dimensional Tolerances)

FORTY-FOURTH: Plaintiff's claims are barred because the features identified in the complaint substantially comply with the applicable law and are within "dimensional tolerances".

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

FORTY-FIFTH: Any allegedly wrongful acts or omissions performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability because The Andrews Organization provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Comply with the Tort Claims Act)

FORTY-SIXTH: Any allegedly wrongful acts or omissions performed by The Andrews Organization or its agents, if there were any, does not subject The Andrews Organization to liability because Plaintiff failed to comply with the presentation requirements of the Tort Claims Act.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

FORTY-SEVENTH: Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until The Andrews Organization has an opportunity to complete discovery. Therefore, The Andrews Organization incorporates all such affirmative defenses as though fully set forth herein.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

FORTY-EIGHTH: Plaintiff should be denied any relief under the Complaint due to Plaintiff's own inequitable conduct and Plaintiff's unclean hands. Plaintiff was not a bona fide customer.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

(Privilege)

FORTY-NINTH: The Andrews Organization's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

(Undue Burden)

FIFTIETH: Insofar as The Andrews Organization has not made alterations to the facilities at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or New York law, and any requirement to make those changes would impose an undue burden upon The Andrews Organization.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

FIFTY-FIRST: Plaintiff, by and though her own conduct, is estopped from pursuing the instant action.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

(Waiver)

FIFTY-SECOND: Plaintiff has waived any rights she may have had to pursue the instant action.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

FIFTY-THIRD: Plaintiff has failed to properly mitigate her damages and therefore is precluded from recovering those alleged damages.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

(Preemption)

FIFTY-FOURTH: Plaintiff's state law claims are preempted by federal law.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Advice Of Architects)

FIFTY-FIFTH: Plaintiff's claims are barred to the extent The Andrews Organization relied in good faith upon the advice of third-party architects with respect to said facilities.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

(Legitimate Business Reasons)

FIFTY-SIXTH: Plaintiff's claims are barred, in whole or in part, on the basis that any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.