### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Damages)

FIFTY-SEVENTH:   The Andrews Organization is informed and believes and based thereon alleges that Plaintiff has not suffered any damages as a result of any actions taken by The Andrews Organization and Plaintiff is thereby barred from asserting any claim against The Andrews Organization.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

FIFTY-EIGHTH:   The Complaint is barred, in whole or in part, on the ground that actions of The Andrews Organization alleged in the Complaint were undertaken with respect to legitimate business interests and in good faith.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Mootness)

FIFTY-NINTH:   Plaintiff's claims are barred by the doctrine of mootness.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Further Defenses)

SIXTIETH:   The Andrews Organization reserves the right to allege additional; affirmative defenses and additional facts supporting its affirmative defenses after conducting further discovery and investigation.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT, AMERICAN APPAREL RETAIL, INC., A CALIFORNIA CORPORATION, D/B/A AMERICAN APPAREL, THIS ANSWERING DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:

SIXTY-FIRST:   That pursuant to a License Agreement and License Modification Agreement, entered into by co-defendant AMERICAN APPAREL RETAIL, INC., A California

Corporation, d/b/a AMERICAN APPAREL ("American Apparel"), American Apparel agreed at Paragraph **11. Indemnification**, as follows:

> "(a)   Licensee does hereby expressly agree, without condition or limit, to indemnify, defend and hold harmless Licensor, its shareholders, partners, principals, members, agents, servants, employees, contractors and invitees (individually, a "Licensor Indemnitee" and collectively, the "Licensor's Indemnitees") from and against any and all costs, losses, expenses, claims, actions, proceedings and judgments suffered or incurred by any Licensor Indemnitee (together with all fees and expenses in connection therewith, including reasonable attorneys' fees and disbursements) arising directly or indirectly from or out of the acts or omissions of Licensee, its agents, servants, employees, contractors, guests, invitees and licensees conducted in, upon or about the Building, the Unit and the Licensed Premises or any other portion of the Building, the Unit or the Licensed Premises, or by reason of any breach or default of this Agreement by Licensee. The provisions of this Article shall survive the expiration of other termination of this Agreement."

SIXTY-SECOND:   To the extent, if any that answering Defendant is found to be liable to Plaintiff, then answering Defendant is entitled to indemnification from co-defendant, American Apparel, under the terms of the Agreement.

SIXTY-THIRD:   That if Plaintiff sustained the damages as alleged in Plaintiff's complaint, then pursuant to the terms of the aforesaid Agreement, Co-Defendant American Apparel, is obligated to defend, indemnify and hold the answering Defendant harmless, pursuant to the terms thereof, including all costs, disbursements and attorneys' fees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT, AMERICAN APPAREL RETAIL, INC., A CALIFORNIA CORPORATION, D/B/A AMERICAN APPAREL, THIS ANSWERING DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:

SIXTY-FOURTH:   That pursuant to the aforesaid License Agreement and License Modification Agreement, at Paragraph **12. Repairs and Maintenance**, American Apparel agreed as follows:

> "Licensee shall, at Licensee's sole cost and expense, maintain the Licensed Premises in substantially the same order and condition as the Licensed Premises were in on the date hereof, except that Licensee shall reimburse Licensor, on ten (10 days' notice, for the costs and expenses incurred or paid by Licensor to repair any portion of the Building, the Unit and the Licensed Premises (including its and their fixtures, equipment and systems) damaged by the acts or omissions of Licensee and/or its agents, servants,

employees, contractors, guests, invitees or licensees, and shall promptly make all repairs to the Licensed Premises resulting therefrom, whether structural or non-structural, ordinary or extraordinary in nature and, if necessary Licensee shall pay for the cost of replacing any Building system which cannot be reasonably repaired. Notwithstanding the foregoing, any such structural repairs shall be made, at Licensor's sole cost and expense. The provisions of this Article shall survive the expiration or other termination of this Agreement."

SIXTY-FIFTH:   To the extent, if any that answering Defendant is found to be liable to Plaintiff, then answering Defendant is entitled to indemnification from co-defendant, American Apparel, pursuant to the terms of the aforesaid Agreements.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANT, AMERICAN APPAREL RETAIL, INC., A CALIFORNIA CORPORATION, D/B/A AMERICAN APPAREL, THIS ANSWERING DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:

SIXTY-SIXTH:   Further, co-defendant American Apparel agreed, at Paragraph **15. Insurance**, to procure and maintain comprehensive general liability insurance and to name this answering Defendant as additional insured under said policy:

(a)   "Licensee shall, at its sole cost and expense, procure and maintain during the continuance of this Agreement:

(i)   Comprehensive general liability insurance issued by insurance companies reasonably acceptable to Licensor, covering bodily injuries or death and damage to property resulting from or occurring upon the Licensed Premises of $5,000,000 combined single limit coverage on a per occurrence basis; and . . . .

(b)   All such policies hereinabove provided shall contain a provision requiring at least thirty (30) days' prior written notice to Licensor by the insurance company before the effective date of any modification or cancellation of any such policy. All such policies of insurance herein provided shall name Licensor and any other parties designated by Licensor as additional insureds. . . . ."

SIXTY-SEVENTH:   That if Plaintiff sustained the damages as alleged in the Complaint, then pursuant to the terms of the aforesaid Agreements which provides that the answering Defendant shall be named as additional insured on said policy; and in the event Co-Defendant, American Apparel failed to procure such insurance coverage for the answering Defendant as required by the aforesaid Agreements, then pursuant to Kinney v. Lisk, Co-Defendant, American Apparel, shall be liable for and

will be obligated to defend, indemnify and hold harmless the answering Defendant pursuant to the terms thereof, including all costs and disbursements and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, The Andrews Organization, prays for judgment as follows:

1. That Plaintiff not take anything by way of the Complaint, and that the same be dismissed with prejudice on the merits;

2. That judgment be entered in favor of The Andrews Organization and against Plaintiff on all causes of action;

3. That judgment be entered in favor of The Andrews Organization and against co-defendant American Apparel on the cross-claims;

4. That The Andrews Organization be awarded reasonable attorneys' fees and costs of suit herein as provided by law; and

5. That The Andrews Organization be granted such further and other relief as the Court deems just and proper.

Dated: New York, New York
       March 18, 2015

                                                  Respectfully submitted,
                                                  MOLOD SPITZ & DeSANTIS, P.C.

By: _____
SALVATORE J. DeSANTIS (SJD-4481)
**Attorneys for Defendant**
**THE ANDREWS ORGANIZATION, INC.**
1430 Broadway, 21st Floor
New York, NY 10018
Telephone: (212) 869-3200
Facsimile:  (212) 869-4242
File No.: CENT-401
sdesantis@molodspitz.com

TO:

Bradly G. Marks, Esq.
THE MARKS LAW FIRM, PC
Attorneys for Plaintiff
175 Varick Street, 3rd Floor
New York, NY 10014
Tel: (646) 770-3775
Fax: (646) 867-2639
Email: Brad@markslawfirm.net

Brian D. Murphy, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Attorneys for Defendant
AMERICAN APPAREL RETAIL, INC.
30 Rockefeller Plaza
New York, NY 10112-0015
Tel: (212 653-8700
Fax: (212) 653-8701
Email: bmurphy@sheppardmullin.com

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

STUART SMOLAR, being duly sworn says: I am Vice President of THE ANDREWS ORGANIZATION, INC.

I have read the annexed ANSWER WITH CROSS-CLAIMS, know the contents thereof, and the same are true to my knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true.

This verification is made by me because the above party is a business corporation and I am an officer thereof.

THE ANDREWS ORGANIZATION, INC.

By: _____
Name:    STUART SMOLAR

Sworn to before me this
19 day of March, 2015

_____
Notary Public

CATHERINE BUSH
Notary Public-State of New York
No. SG158'6
My Commission Expires July 26, 2017

CENT-401

MOLOD SPITZ & DESANTIS, P.C.